# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**JOYCE BUMPASS MATHIS,**

    **Plaintiff,**

vs.                                                                                               **Case No.: 8:12-CV-2072-T-17EAJ**

**CAROLYN W. COLVIN**
**Commissioner of Social**
**Security Administration,**[1]

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

After reviewing the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case, the Court recommends affirming the Commissioner's decision and dismissing this case.[2]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with

---

[1] The current acting Commissioner of Social Security, Carolyn W. Colvin, is substituted for Michael J. Astrue, former Commissioner of Social Security. See Fed. R. Civ. P. 25(d).

[2] The district judge referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rule 6.01(a), M.D. Fla.

applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, the reviewing court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I. Background

On June 15, 2009, Plaintiff filed applications for DIB and SSI, alleging disability beginning September 27, 2008 in both applications. (T 18, 128, 134) Plaintiff's applications were denied initially and upon reconsideration, and an administrative hearing was held on November 18, 2010. (T 18, 32) Forty-eight years old at the time of the hearing, Plaintiff has a high school education and past relevant work experience as a packing machine tender and fast food worker. (T 24, 34, 36, 154)

The ALJ denied Plaintiff's claims on December 16, 2010. (T 26) Although Plaintiff's severe impairments included diabetes mellitus with neuropathy and hypertension, the ALJ determined that these impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, App. 1. (T 20) The ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform a reduced range of sedentary work subject to the following

limitations: Plaintiff can lift or carry ten (10) pounds occasionally/frequently; stand and/or walk for two (2) hours out of an eight-hour workday; and sit for six (6) hours out of an eight-hour workday. (T 21) She must be able to alternate between sitting and standing at will and can occasionally climb, balance, stoop, kneel, crouch, and crawl. (Id.)

Although Plaintiff was unable to perform any past relevant work, the ALJ found Plaintiff capable of performing other jobs available in significant numbers in the national economy, such as inspector, hand packager, and surveillance system monitor. (T 25) Accordingly, the ALJ concluded that Plaintiff was not disabled during the relevant period. (T 26) On August 23, 2012, the Appeals Council denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (T 1-3)

The medical and other evidence has been reviewed in the ALJ's decision and will not be repeated here except as necessary to address the issues presented.

## II. Analysis

Plaintiff argues that the ALJ failed to properly evaluate her credibility and to consider the impact of Plaintiff's obesity on her ability to work. She also claims error in that the ALJ restricted her to sedentary work yet his opinion describes the jobs that she can do as requiring light exertion.

**A.**     Plaintiff contends the ALJ did not appropriately credit her allegations of pain.

Subjective complaints are evaluated according to a three-part "pain standard" that is used when a claimant attempts to establish disability through testimony about pain or other subjective symptoms. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)(per curiam). A plaintiff must show: (1) objective medical evidence of an underlying medical condition; and either (2) the objective medical evidence substantiates the severity of the pain from the condition; or (3) the objectively determined medical condition is of sufficient severity that it would reasonably expected

3

to produce the pain alleged. Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam). If the ALJ does not credit a claimant's testimony regarding subjective complaints, the ALJ must "articulate explicitly and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam). A clearly articulated credibility finding that is substantially supported by the record will not be overturned. Id. at 1562 (citation omitted).

Plaintiff alleges disability due to diabetes mellitus, peripheral neuropathy, and hypertension. (T 21, 168)  At the hearing, Plaintiff testified that she suffers from constant pain in her legs and feet. (T 22, 40)  She stated that the pain frequently exceeds a level of ten and that, at its least, her pain level is a six. (T 22, 41)  She explained the discomfort awakens her at night and keeps her confined to a reclining chair during the day. (T 40-42) Plaintiff is most comfortable sitting with her legs elevated and has trouble walking even short distances, such as from her bedroom to the bathroom. (T 22, 42, 46, 49)  She can climb no more than three stairs without needing a rest. (T 48)  On a good day, Plaintiff can engage in about fifteen (15) minutes of activity but then must rest for forty-five (45) minutes to an hour.  (T 22, 45)

Plaintiff lives with her husband, their daughter, and two grandchildren. (T 21, 35)   She has a license but rarely drives and then only for short distances. (T 21, 36) Plaintiff testified that side effects from her medications, including blurry vision and shaking hands, limit her driving. (Id.) Plaintiff can no longer engage in activities that she used to enjoy, such as cooking and dancing. (T 50-51)  She attends church but otherwise rarely leaves her home. (T 50)  Her husband also testified at the hearing and corroborated her statements. (T 24, 54-62)

The ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause the alleged symptoms; however, Plaintiff's statements about the intensity, persistence, and limiting effects of these symptoms were not credible to the extent that they

conflicted with her RFC. (T 22-23)  Additionally, while finding Plaintiff's husband's testimony sincere, the ALJ explained that the objective medical evidence did not support his description of the severity of Plaintiff's symptoms. (T 24)   The ALJ further noted that: (1) treatment notes indicate that Plaintiff's conditions were well controlled with medication; (2) a consultative examiner found no physical limitations that prevent Plaintiff from working; and (3) no treating physician opined that Plaintiff has any limitations that would keep her from working.

In challenging these conclusions, Plaintiff contends that the ALJ summarily dismissed her subjective complaints without the in-depth analysis that is required in this circuit.  Plaintiff also asserts that the medical record supports her claims of disabling pain.[3]

The ALJ discussed in detail Plaintiff's treatment history for diabetes, hypertension, and neuropathy. (T 22)  He noted that Plaintiff went to the emergency room on October 13, 2008 complaining of numbness, swelling, and pain in her legs and feet. (T 22, 224-25) She described the pain as intermittent for two months and rated it as an eight on a scale of ten. (T 226)  She was given pain medication and instructed to follow-up with her primary care physician. (T 22, 233)  On October 23, 2008, Plaintiff sought follow-up care at Suncoast Community Health Centers, Inc., where she was diagnosed with type 2 diabetes, hypertension, and neuropathy. (T 22, 259)  She started a regimen of medications including Metformin for diabetes and Gabapentin for neuropathy. (Id.)

Thereafter, as the ALJ observed, Plaintiff's treating physicians often reported that her

---

[3] Plaintiff refers generally to treatment records from Plant City Family Care and Suncoast Community Health Center, but does not cite specific records that support her allegations. (Dkt. 14 at 5) "Such a cursory treatment of a potentially important issue is taken by this Circuit to be a sign that the party has abandoned the argument." Callahan v. Barnhart, 186 F. Supp. 2d 1219, 1230 n.5 (M.D. Fla. 2002) (citations omitted).

diabetes and hypertension were controlled with medication. (T 22-23, 243, 249, 251, 253, 254-55, 267, 269, 271, 273, 275)  In September 2009, treating physician Evelyn Maningo, M.D. noted that Plaintiff's neuropathy was "stable" on Gabapentin. (T 243)   Yet the ALJ also acknowledged that Plaintiff complained of uncontrolled neuropathy pain in July 2010. (T 23, 301)  Upon examination, Plaintiff was alert with no acute distress, and her extremities showed no clubbing, cyanosis,[4] or edema. (T 23, 302)

Additionally, the ALJ referred to a consultative examination by Edwin Lamm, M.D. ("Dr. Lamm") on July 30, 2009.  (T 22, 291-92)  Dr. Lamm found that Plaintiff walked with a normal gait and did not require any assistive devices. (T 22, 291)  Plaintiff was able to get on and off the examination table without difficulty, and her motor strength was normal in all four extremities. (Id.) Dr. Lamm's diagnostic impression was history of diabetes mellitus, diabetic peripheral neuropathy, hypertension, and hypercholesterolemia. (T 22, 292)  Finding no evidence of peripheral edema, Dr. Lamm concluded, "I see no reason for any physical limits that would prevent [Plaintiff] from resuming some kind of occupation." (Id.)

After recounting this evidence, the ALJ appropriately found that treatment records do not support Plaintiff's contentions about the severity of her condition and its impact on her ability to work.  (T 23-24)  Nor did the ALJ err in observing that none of Plaintiff's treating and examining physicians assessed her with limitations that would prevent Plaintiff from working. (T 23)  Although a non-examining physician found Plaintiff capable of performing light work (T 293-300), the ALJ

---

[4] Cyanosis is defined as "[a] dark bluish or purplish coloration of the skin and mucous membrane due to deficient oxygenation of the blood[.]" Stedman's Medical Dictionary 425 (26th ed. 1995).


...

stated that he gave Plaintiff the benefit of the doubt and adopted greater limitations by restricting Plaintiff's RFC to sedentary work. (T 21, 23)  The ALJ appropriately considered the entire record, including the lack of opinion evidence supporting Plaintiff's allegations of disabling pain, as part of the credibility assessment.

Based on the foregoing, the ALJ clearly articulated reasons for not fully crediting Plaintiff's allegations.  As substantial evidence supports the ALJ's credibility determination, this issue does not entitle Plaintiff to relief.  See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989) (per curiam).

**B.**     Plaintiff asserts that the ALJ did not analyze the impact of her obesity in accordance with Social Security Ruling ("SSR") 02-1p.

SSR 02-1p explains that "[o]besity is a complex, chronic disease characterized by excessive accumulation of body fat. Obesity is generally the result of a combination of factors (e.g., genetic, environmental, and behavioral)." SSR 02-1p, 2000 WL 628049 (Sept. 12, 2002).  Further, "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." Id.  The ALJ should "consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity." Id.

With a reported weight between 254 and 273 pounds, Plaintiff concludes that "[t]his is a clear case of obesity" and faults the ALJ for not discussing how her weight affects her ability to function and impacts her other impairments. (Dkt. 14 at 5-6)  In particular, Plaintiff states that the ALJ should have addressed whether obesity caused "any physical or mental limitations" as evidenced by the medical record. (Id. at 6)

Plaintiff's reliance on SSR 02-1p is misplaced. It is well established that Social Security Rulings do not have "the force and effect of the law" in this circuit and are not binding. Miller v. Comm'r of Soc. Sec., 246 F. App'x 660, 662 (11th Cir. 2007) (per curiam) (unpublished) (citation and internal quotation marks omitted).[5] More fundamentally, however, Plaintiff has not alleged that obesity is a cause of her disability. Nor did she testify at the hearing that obesity impairs her functioning. The ALJ is not required to address an ailment that is not raised in a disability claim or at the administrative hearing. Robinson v. Astrue, 365 F. App'x 993, 995 (11th Cir. 2010) (per curiam) (unpublished) (citation omitted).

In any event, the ALJ referred to Plaintiff's weight twice in his opinion and stated that the RFC assessment was based on "careful consideration of the entire record[.]" (T 21-22) This is sufficient to indicate that he considered Plaintiff's weight as part of the record in making his determination. Plaintiff is not entitled to relief on his issue.

**C.** Plaintiff claims that the ALJ's conclusion that she can carry out other jobs is inaccurate because the work he identified is not sedentary.

If the ALJ determines the claimant cannot return to his or her past work, the burden shifts to the Commissioner to show that the claimant can perform other jobs available in significant numbers in the national economy. Gibson v. Heckler, 762 F.2d 1516, 1518 (11th Cir. 1985) (per curiam) (citation omitted). The Commissioner can satisfy this burden through VE testimony about other jobs that are suitable for the claimant. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). The VE's testimony constitutes substantial evidence if the ALJ poses a hypothetical question

---

[5] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36–2.

that comprises all of the claimant's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (per curiam) (citation omitted).

At the hearing, the ALJ asked the VE to identify jobs that could be performed by a hypothetical claimant who must be able to change position at will and is limited to lifting or carrying ten pounds occasionally or frequently; standing and/or walking two hours in an eight-hour day; sitting six hours in an eight-hour day; and occasional climbing, balancing, stooping, kneeling, crouching, and crawling. (T 65)  In response, the VE stated that such a claimant could work as an inspector, hand packager, and surveillance system monitor. (Id.)  The VE stated that all three jobs involved sedentary, unskilled work with a sit/stand option. (Id.)  He indicated that his opinion was consistent with the Dictionary of Occupational Titles ("DOT").[6] (T 63)

In his opinion, the ALJ adopted the VE's findings and reiterated that the testimony was consistent with the DOT. (T 24-26)  The ALJ also included a chart that lists each job, its DOT classification number, and required exertional level, among other information. (T 25)  According to the chart, each job involves "light" exertion rather than "sedentary" exertion. (Id.)

Submitting that the ALJ's opinion is inconsistent because he restricted her to sedentary work in her RFC yet identified jobs as requiring light exertion,  Plaintiff also contends that the VE's testimony was likewise flawed because his statement that the jobs were sedentary conflicts with the DOT's description of the work.

While Plaintiff does not cite any legal authority,  SSR 00-4p states that the ALJ should ask whether the VE's testimony conflicts with the DOT and address any conflict before relying on the

---

[6] The DOT is a U.S. Department of Labor publication that describes the requirements, including the exertional and skill levels, for jobs available in the national economy. 20 C.F.R. § 220.134(a).

testimony. SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). As previously explained, Social Security rulings are not binding on this Court.[7] In any event, the ALJ expressly asked the VE if his testimony would be consistent with the DOT, and the VE answered in the affirmative.

Because the VE testified that Plaintiff can work as a surveillance system monitor, which the DOT categorizes as sedentary work, there is no conflict between the VE's testimony and the DOT as to this job. It is true that the ALJ's opinion contains a discrepancy between Plaintiff's RFC for sedentary work (T 21) and the other two jobs identified by the VE (T 25). Whether or not this is a typographical error, as the Commissioner suggests, the issue is whether the ALJ's statement that all three jobs identified by the VE involve light work requires remand. The Court concludes that it does not.

The ALJ based his jobs determination on the VE's testimony. (T 26) Given that the ALJ posed a hypothetical that included all of Plaintiff's impairments,[8] the VE's testimony constitutes substantial evidence that Plaintiff can perform at least one of the identified jobs. See Wilson, 284 F.3d at 1227 (citation omitted). As it is undisputed that one of the three jobs, according to the DOT, requires only a sedentary RFC, the discrepancy between the ALJ's description of the jobs and the chart is harmless error, as remand would not change the outcome.[9] See Diorio v. Heckler, 721 F.2d

---

[7] Moreover, before SSR 00-4p was promulgated, the Eleventh Circuit held that the VE's testimony "trumps the DOT" in the event of a conflict. Jones v. Apfel, 190 F.3d 1224, 1229-30 (11th Cir. 1999).

[8] Plaintiff does not contest the sufficiency of the hypothetical or the adequacy of the RFC.

[9] The DOT states that an inspector position calls for light exertion, while hand packaging involves medium exertion. See DOT § 689.387-010, 1991 WL 678359 (describing the job of cloth grader); § 920.587-018, 1991 WL 687916 (describing the job of hand packager). According to the DOT, work as a surveillance system monitor is sedentary. § 379.367-010, 1991 WL 673244.

726, 728 (11th Cir.1983) (explaining that an ALJ's erroneous statements of fact were harmless error when they did not affect the outcome).

As such, the VE identified work that exists in significant number in the national economy that Plaintiff can perform,[10] and the ALJ's reliance on that testimony is not error. Remand is not required on this basis.

### III. Conclusion

For the foregoing reasons, the ALJ's decision is supported by substantial evidence and the proper legal principles. Accordingly and upon consideration, it is **RECOMMENDED** that:

(1) the decision of the Commissioner be **AFFIRMED** and the case **DISMISSED**, with each party to bear its own costs and expenses; and

(2) the Clerk of Court enter final judgment in favor of Defendant consistent with 42 U.S.C. §§ 405(g) and 1383(c)(3).

Date:   November 22, 2013

ELIZABETH A JENKINS
United States Magistrate Judge

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party

---

[10] Plaintiff has not challenged the ALJ's conclusion that the position of surveillance system monitor requiring a sedentary exertional level under the DOT, exists in significant numbers (22,000) in the national economy. (T 25)

11

from attacking the factual findings on appeal.  See 28 U.S.C. § 636(b)(1).

Copies to:
Counsel of Record
District Judge